UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No. 19-cv-839-pp

APPROXIMATELY $515,330.76 IN
U.S. CURRENCY FROM BANK OF
AMERICA ACCOUNT ENDING IN 7657,

    Defendant.

**ORDER DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 9), CONSTRUING CLAIMANT'S REQUEST AS MOTION TO EXTEND DEADLINE FOR HER TO FILE ANSWER (DKT. NO. 6) AND ORDERING CLAIMANT TO FILE ANSWER BY JANUARY 3, 2020**

On June 5, 2019, the United States of America filed for civil *in rem* forfeiture against approximately $515,330.76 in U.S. currency from a Bank of America account ending in 7657 and held in the name of Holie Houghtaling. Dkt. No. 1 at 1–2. On October 15, 2019, the government filed a motion for default judgment and attached a certified mail receipt asserting that Houghtaling signed for and accepted the complaint on June 15, 2019. Dkt. No. 9 at ¶5. The plaintiff asserts that the documents Houghtaling accepted on June 15 informed her that she had to file a claim within thirty-five days (by July 20, 2019 or so) and that she had to file an answer within twenty-one days after filing her claim. Id. at ¶6.

1

Less than a month later, on July 11, 2019, Houghtaling filed a claim and a motion for extension of time to "get more proof" that $30,000 of the disputed assets belong to her. Dkt. No. 6. The court has not yet ruled on that request, but Houghtaling's answer was due twenty-one days later—by about August 1, 2019.

On October 15, 2019, the plaintiff asked the clerk to enter default. Dkt. No. 8. The clerk did so that same day. The plaintiff also filed its motion for default judgment on October 15, 2019. Dkt. No. 9. The motion states that the plaintiff waited about a week after the deadline for the answer had passed, then sent Hougtaling a letter by certified mail telling her that if she didn't answer by August 30, 2019, the plaintiff would move for default judgment. Id. at ¶9. The plaintiff says that the certified mail receipt shows that Houghtaling accepted the letter around August 13, 2019. Id. at ¶10; Dkt. No. 9-2.

The plaintiff's motion makes no mention of the fact that Houghtaling filed a claim, and asked for an extension of time to "try to get you more proof." Dkt. No. 6. Houghtaling doesn't appear to be represented by a lawyer; she seems to have written her claim and request for extension of time herself. She also says in the request that she is a victim and that "the retirement funds are all that [she] has to live off of," and she asks for her $30,000 to be returned to her. Id.

The court understands that the plaintiff's August 8, 2019 letter advised Houghtaling that she needed to file an answer by August 30, 2019 in order to avoid the plaintiff filing a motion for default judgment. Dkt. No. 9-1. But it is possible—maybe even likely—that Houghtaling thought she'd asked this court

for more time to answer, and that she has been waiting on this court to give her that time.

The court will deny without prejudice the plaintiff's motion for default judgment. The court will construe Houghtaling's request as a motion to extend the deadline for her to file an answer, and will give her a deadline of January 3, 2020 by which to do so. The court advises Houghtaling that an "answer" is a response to the allegations in the complaint (a copy of which the court is including with this order). If Houghtaling wants to challenge the government's attempt to forfeit the money, she will need to file an answer disputing the allegations in the complaint, and she must file it by the January 3, 2020 deadline. The court understands that Houghtaling doesn't have a lawyer (or didn't at the time she filed her claim), and that forfeiture law is confusing to a layperson. But even non-lawyers must abide by court rules and deadlines. See Nowak v. Transportation Joint Agreement of Cmty. Consol. Sch. Dist. No. 47, 255 F. App'x 85, 87 (7th Cir. 2007) ("A district court may insist upon strict adherence to its local rules even from a *pro se* litigant.").

If Houghtaling does not file an answer in time for the court to receive it by the end of the day on January 3, 2020, the plaintiff may renew its motion for default judgment, and the court likely will grant it.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for default judgment. Dkt. No. 9.

The court **CONSTRUES** Holie Houghtaling's pleading filed on July 11, 2019 as a motion for an extension of time to file her answer and **GRANTS** the motion for an extension of time. Dkt. No. 6.

The court **ORDERS** that the deadline for claimant Houghtaling to file an answer is **EXTENDED** to the end of the day on **January 3, 2020**.

Dated in Milwaukee, Wisconsin this 3rd day of December, 2019.

    **BY THE COURT:**

    _____
    **HON. PAMELA PEPPER**
    **Chief United States District Judge**