UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA ,

        Plaintiff,

  v.

APPROXIMATELY $515,330.76 IN UNITED
STATES CURRENCY FROM BANK OF
AMERICA ACCOUNT ENDING IN 7657,

        Defendant.

Case No. 19-cv-839-pp

**ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT (DKT. NO. 13) AND DISMISSING CASE**

Previously, the court had denied the government's first motion for default judgment and given the owner of the account, Holie Houghtaling, a deadline of January 3, 2020 by which to file an answer. Dkt. No. 11. The court advised the parties that it likely would grant a renewed motion if Houghtaling failed to file her answer by the deadline. Dkt. No. 11. Houghtaling has not answered; the court will grant the plaintiff's second motion for default judgment.

**I.    ENTRY OF DEFAULT**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means the court must assure itself that the party was aware of the suit and did not respond.

1

The plaintiff filed its verified complaint for civil forfeiture *in rem* on June 5, 2019. Dkt. No. 1. The plaintiff alleges that approximately $515,330.76 in United States currency from Bank of America account ending in 7657 is subject to forfeiture under 18 U.S.C. §§981(a)(1)(c) and 984 because it is traceable to proceeds of specified unlawful activity as defined in 18 U.S.C. §1956(c)(7) with reference to 18 U.S.C. §1961(1).

The United States Secret Service seized the property under a warrant of arrest *in rem* issued on June 6, 2019. Dkt. No. 5. The plaintiff posted notice on the official government internet site for at least thirty consecutive days beginning on June 6, 2019, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Dkt. No. 7. In addition, the plaintiff filed a notice of the complaint for civil forfeiture of property and served it along with a copy of the verified complaint on the potential claimant, Holie Houghtaling. Dkt. No. 3. The documents were signed for and accepted by Houghtaling on June 15, 2019. The June 6, 2019 notice informed Houghtaling that she had thirty-five days to file a claim and twenty-one days to file an answer.

Houghtaling filed a claim for $30,000 on July 11, 2019 but asked the court for an extension of time to get more proof. Dkt. No. 6. When Houghtaling failed to answer by August 8, 2019, the plaintiff sent her a letter by certified mail explaining that it intended to move for default by August 30, 2019 if she did not file an answer. Dkt. No. 9-1. Houghtaling signed for the letter on August 13, 2019. She did not file an answer.

The government filed a motion for entry of default and default judgment on October 15, 2019. Dkt. Nos. 8, 9. The Clerk of Court entered the default the same day. The court denied the motion for default judgment after construing Houghtaling's pleading as a motion for extension of time to file an answer. Dkt. No. 11. It gave the plaintiff to January 3, 2020 to file an answer, adding that the plaintiff could renew its motion for default judgment if Houghtaling failed to comply with the deadline. Id. The order sent to Houghtaling was returned as undeliverable; the clerk's office then sent the order to the updated address provided by the plaintiff. That address is the address at which the plaintiff has successfully served Houghtaling. Dkt. No. 12. Houghtaling herself has not provided an updated address as required under the local rules. Gen. L.R. 5(a)(4) (E.D. Wis.). The court has received nothing from Houghtaling since July 2019. The court is satisfied that the plaintiff has properly posted notice and served the verified complaint on Houghtaling and finds that entry of default was proper following Houghtaling's failure to answer by the court-ordered January 3, 2020 deadline.

## II. PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT

After the Clerk's entry of default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). The plaintiff has established that the property was subject to forfeiture under 18 U.S.C. §§981(a)(1) and 984 for violations of 18 U.S.C. §1343. The property was seized on or about February 1, 2019, when the United States Secret Service received a check in that amount from Bank of America following the Secret Service's execution of

3

Case 2:19-cv-00839-PP   Filed 04/30/20   Page 3 of 4   Document 15

seizure warrant #19-806M on the bank account held in Oceanside, California. Dkt. No. 1 at 1. The plaintiff has established that the sole account holder of the account is Houghtaling. The plaintiff also has described the scheme by which the victim, located in this district, posted $932,611.56 in payments to the account held by Holifield. The plaintiff has established entitlement to the $515,330.76 held in the subject account.

The court **GRANTS** the plaintiff's second motion for default judgment. Dkt. No. 13.

The court **ORDERS** that the defendant property, approximately $515,330.76 in United States currency from Bank of America account ending in 7657, is forfeited to the United States of America.

The court **ORDERS** that no right, title, or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Secret Service or its duly authorized agent shall seize the defendant property and shall dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**, and will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of April, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**